STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
(for court filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| **C. FRANCIS**,<br><br>                    Plaintiff,<br><br>            v.<br><br>**ROBERT LUNA**, **DEPUTY LEVERNE**, and **10 UNKNOWN NAMED DEFENDANTS**,<br><br>                    Defendants. | **COMPLAINT**<br><br>(Police Brutality and Thuggery,for Damages for Civil Rights Violations, 42 U.S.C. § 1983)<br><br>**JURY DEMAND** |

Plaintiff makes the following allegations, in support of the this complaint:

### JURISDICTION AND VENUE

1. Plaintiff, **C. FRANCIS**, is a Black person who asserts federal claims, under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) (civil rights), subject matter jurisdiction lies pursuant to 28 U.S.C. § 1331 of the federal claims.

2. The matters that are the bases for this action occurred in Los Angeles County, California, and in the City of Los Angeles, and therefore venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

//

1

**THE PARTIES**

3. Plaintiff is a person who has been subject to Los Angeles Sheriff Department ("LASD") police brutality and thuggery, and defendants are Los Angeles County Sheriff Robert Luna, Sgt. Villasenor, and 10 Unknown Named Deputy Sheriffs.

4. Defendants, each and all are sued in both their individual and official capacities, when they have an official capacity, but only in their official capacities, for the claims made under *Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 657 (1978), with respect to which defendants are sued in their official capacities only.

5. Plaintiff is a person who has been brutalized and thugged and subject to constitutional violations at the hands of defendants.

6. Defendants and each of them play and played some material role in the acts and/or omissions alleged hereinbelow and in the setting of policies of the LASD, and their unconstitutional policies, practices, procedures, and customs were the moving forces behind the constitutional violations inflicted on plaintiff.

**ALLEGATIONS COMMON TO EACH COUNT**

7. Each and every allegation set forth in each and every averment herein is incorporated by this reference in each and every other averment and allegation of this pleading.

8. All acts and/or omissions perpetrated and/or engaged in by each defendant, in their individual capacities, were louche, and done maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, with evil motive and/or intent, in disregard of the rights of plaintiffs and class members, and in clear violation of the federal Constitution and of the California Constitution, and of controlling federal law,

both statutory and common law, as set forth by both the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit.

9. On or about Sept. 22, 2023, plaintiff was a pre-trial prisoner in the Los Angeles County Mens' Central Jail, where he was accosted and physically beaten by at least four deputy sheriffs, one of whom was defendant Villasenor, who approached plaintiff near the law library near the 2000 module, and beat him up, as a result of which plaintiff's left shoulder suffered a "torn" muscle, and as a result of which plaintiff has required on-going medical treatment.

10. Plaintiff duly filed a grievance as a result of the described incident.

## COUNT ONE
(Against All Defendants, 42 U.S.C. § 1983)

11. Plaintiff realleges specifically the allegations set forth in averment 9, and, by virtue thereof, all defendants are liable to plaintiff, pursuant to 42 U.S.C. 1983, for violation of plaintiff's Fourth and Eighth Amendment rights, not to be subjected to unreasonable searches, seizures, stops, arrests, and excessive force and cruel and unusual punishments.

12. Defendant Luna is responsible for the constitutional violations committed by the deputy sheriff defendants because he sets the policies and accepted the customs of the LASD, among which were unconstitutional, brutalization of jail prisoners, and plaintiff herein was subjected to such brutalization and thuggery.

13. Reserved.

## COUNT TWO
(Against All Defendants for Conspiracy Under § 1983)

14. Plaintiff realleges specifically hereat the allegations set forth hereinabove, and by virtue thereof, all defendants also are liable to plaintiff for

conspiracy to violate Fourth Amendment and Fourteenth Amendment rights, pursuant to § 1983, because they had an agreement and/or understanding that the wrongs perpetrated would be perpetrated, and then they were perpetrated, by the LASD defendants, beating the crap out of plaintiff.

15. More specifically, defendant Luna for many years has been aware of and permits and condones deputy misconduct, so that LASD officers free to violate the Constitution's Fourth and Eighth Amendments, and here did so, and he failed to investigate, and covered-up, what occurred in this matter, notwithstanding that he had access to a videotape of the incident, and thereby approved of it, condoned it, acquiesced in it, and ratified it, with a meeting of their minds that this kind of unconstitutional conduct would occur.

16. Reserved.

**COUNT THREE**

(Against Defendant Luna, Under Sec. 1983, *Monell*)

17. "[When] the complaint plausibly alleges a policy, custom, or practice leading to that violation[, s]ee *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)[,] [and] Plaintiffs' allegations amount to . . . more than an 'isolated or sporadic incident[ ]' that . . . forms the basis f *Monell* liability for an improper custom. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)." *Saved Magazine v. Spokane Police Dep't*, 19 F.4th 1193, 1201 (9th Cir. 2001). Herein, Defendant Luna is liable to plaintiff because he had and has, and fosters, policies, practices, procedures, and customs of Fourth and Eighth Amendment violations by members of LASD, which policies, *etc.*, in violation of the these Amendments, were the moving forces that caused the violation of the plaintiff's rights, as alleged herein, and, also he is a supervisor defendant who is liable because there is a custom of improperly indemnifying, and of conspiring to indemnify, LASD officers for punitive damages assessed against those deputies by juries in civil rights cases, or settling those cases to avoid having to decide on

4

whether or not to make such indemnifications, because that practice was a moving force that caused the violations of the plaintiff's rights as alleged herein.

18.-20. Reserved.

### COUNT FOUR
(Against All Defendants Under § 1985(3))

21. Each deputy sheriff defendant agreed and/or understood and conspired with at least one other deputy defendant to deprive a plaintiff of the equal protection of the laws, in violation of 42 U.S.C. l985(3), based on a racially-motivated bias against a plaintiff; and the official capacity defendant could have, but did not, prevent the violations of Section 1985(3).

22. Therefore, any deputy sheriff defendant is liable to plaintiff under Section 1985(3), and defendant Luna, who had the power and/or opportunity and/or duty to prevent, but who failed to prevent any violation of Section 1985(3), is liable to any plaintiff under 42 U.S.C.1986.

23. Any official capacity defendant is liable to any plaintiff for all wrongs alleged in this pleading pursuant to *Monell, supra.* This alleged conspiracy is separate from the simple, non-racially-based conspiracy alleged in Count Two, hereinabove.

**WHEREFORE**, plaintiff requests relief against each defendant as follows:

1.  Compensatory damages of $1,000,000;

2.  Punitive damages on all non-*Monell* claims, in sums to be determined by a jury, and as a percentage of the net worth of each defendant, in sums sufficient to deter future misconduct, and not less than $1,000,000 per defendant;

4. The costs of action and interest;

5. Attorneys' fees; and,

6.  Such other relief as is just and proper.

//

**JURY DEMAND**

Plaintiff demands trial by jury of all issues.

**YAGMAN + REICHMANN, LLP**

By:  /s/  Stephen Yagman
**STEPHEN YAGMAN**