STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
(for filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Presented on behalf of Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **C. FRANCIS**,<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT LUNA**, *et al*.,<br><br>Defendants. | 2:24-cv-03740-MRA(SSCx)<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES FROM ANSWERS , DOCS. 24 & 27, AND MEMORANDUM OF POINTS AND AUTHORITIES**<br>(Rule 12(f), Fed. R. Civ. P.)<br><br>September 12, 2024<br>1:30 p.m.<br>Courtroom 10B<br><br>Judge Monica Ramirez Almadani |

**PLEASE TAKE NOTICE** that this motion to strike all five affirmative defenses, pursuant to Fed. R. Civ. P. Rule 12(f), from defendants' two answers, Docs. 24 and 27, to the operative, First Amended Complaint, and that oral argument will be heard as set forth above. This motion is based on the ground that the affirmative defenses sought to be stricken are either insufficient or are not affirmative defenses at all, and it is supported by the following memorandum. The conference of counsel required by L.R. 7-3 to be held between counsel first was attempted to be held beginning on July 2, 2024, and when plaintiff's counsel

telephoned first telephone defense counsel on that date and thereafter on four occasions, on all of which plaintiffs' counsel was unsuccessful, counsel finally met in person on July 12, and the matters in issue were not resolved.

**YAGMAN + REICHMANN, LLP**

By: ______________________
**STEPHEN YAGMAN**

## MEMORANDUM OF POINTS AND AUTHORITIES

This memorandum is submitted in support of the motion pursuant to Rule 12(f), Fed. R. Civ. P., to strike affirmative defenses from the answer of defendants, Doc. 149, filed on July 3, 2024.

### 1. A PARTY MAY MOVE TO STRIKE "ANY INSUFFICIENT DEFENSE."

### A. THE LEGAL STANDARD.

Rule 12(f) provides that a "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The motion is disfavored because it "proposes a drastic remedy," is of "limited importance . . . in federal practice," and is "often used as a delaying tactic." 2 Moore's Federal Practice § 12.37[1] (3d ed. 2004); *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). Precisely for these reasons, "courts often require 'a showing of prejudice by the moving party' before granting the requested relief." *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005)[1] (quoting *Sec. & Exch. Comm'n v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995)). *See also Toto Recording, Inc. v. Frontier Records SRL*, 2012 WL 12888664, * 1 (C.D. Cal. 2012) (Judge Dale S. Fischer).("The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*[2], 984 F. 2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* 510 U.S. 517 (1994). "[W]here a motion to strike may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the

---

[1] Prosecuted by plaintiffs' counsel herein.

[2] As in John Fogerty, of Creedence Clearwater Revival.

ultimate resolution of the action, the motion to strike will be well taken." Hart v. Baca, 204 F.R.D. 456, 457 (C.D. Cal. 2001) (internal quotation marks omitted)[3].

Insufficient defenses may be stricken when they are insufficient as a matter of law or fail to give the plaintiff "fair notice" of the defense being asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *Qarbon.com Inc. v. Ehelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004). As has been noted by some courts in this district, the Ninth Circuit has not yet indicated its application of the heightened pleading standard set forth by *Twombly* and *Iqbal* to the pleading of affirmative defenses, continuing use of the "fair notice" pleading standard. *See*, *e.g*., *Mark Anthony Davis v. Hollywood and Ivar, LLC*, 2021 WL 4816823, at *1-*2 (C.D. Cal. 2021) (citations omitted). But even fair notice still requires some factual allegations sufficient to "identify the factual grounds" of an affirmative defense, but a high level of specificity is not required to give fair notice. *Ibid.* (internal citations omitted).

Applying the *Twombly/Iqbal* pleading standard to affirmative defenses promotes fairness and efficiency. *See Racick v. Dominion Law Associates*, 270 F.R.D. 228, 233 (E.D. N.C. 2010) ("The majority of the district courts . . . have [*sic*] concluded that the plausibility standard articulated in *Twombly* and *Iqbal* applies to the pleading of affirmative defenses. . . . The reasoning cited by these courts typically is two-fold. First, the courts recognize that what is good for the goose is good for the gander, and reason that 'it makes neither sense nor is it fair to require a plaintiff to provide the defendant with enough notice that there is a plausible, factual basis for her claim under one pleading standard and then permit a defendant under another pleading standard simply to suggest that some defense may possibly apply in the case.' Second, the courts note that

---

[3] Prosecuted by plaintiffs' counsel herein.

[b]oilerplate defenses clutter the docket and . . . create unnecessary work and extend[ ] discovery" (citations omitted)); see also *Memory Control Enter., LLC v. Edmunds.com, Inc.*, CV 11-7658 PA (JCx), 2012 WL 681765, *4 (C.D. Cal. 2012) ("District courts holding that the heightened standard applies reason that if a plaintiff's claims are subject to *Twombly* and *Iqbal*, then it is only right to similarly subject a defendant's affirmative defenses to this standard"); *Barnes*, 718 F.Supp.2d at 1172 (" 'Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply.' . . . Applying the same standard will also serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted" (citations omitted)). Here, this is the case because none of defendants' 24, boilerplate affirmative defenses, the ones that even are proper affirmative defenses, give even "fair notice." They fail under both standards.

**B. THE PROCEDURAL REQUIREMENTS.**

Under Federal Rule of Civil Procedure 12(f), the court may strike "any insufficient defense" from a defendant's answer. Fed. R. Civ. P., Rule 12(f). "To strike an affirmative defense, the moving party must convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Securities & Exchange Comm'n v. Sands*, 902 F.Supp. 1149, 1166 (C.D. Cal. 1995) (internal quotation marks and citation omitted). "[C]ourts often require a showing of prejudice by the moving party[,]" *ibid.* (internal quotation marks and citations omitted), in order for insufficient affirmative defenses not to be stricken. "[W]he[n] [a] motion [to strike] may have the effect of making the trial of the

action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California v. United States*, 512 F.Supp. 36, 38 (C.D. Cal. 1981). "[I]f the defense . . . is invalid as a matter of law, such determination should be made now, in order to avoid the needless expenditures of time and money litigating" that defense. *Purex Corp. v. General Foods Corp.*, 318 F.Supp. 322, 323 (C.D.Cal. 1970). Such is the case here, as to the affirmative defenses sought to be stricken.

**C. THE SUBSTANTIVE REQUIREMENTS.**

Substantively, there are several circumstances in which a party may move to strike insufficient, irrelevant, or redundant matter from a pleading. If defensive matter has been the subject of a motion on which the court has ruled against a party, who later asserts that same defensive matter, that same defensive matter may not be asserted later as a defense, since law of the case doctrine makes that legally impossible. *See, e.g., Piest v. Tide Water Oil Co.*, 27 F. Supp. 1021, 1022 (D. N.J. 1939); *U.S. v. Silliman,* 65 F. Supp. 665, 674 (D. N.J. 1946); *Lehman v. Stolow,* 184 F. Supp. 21, 22 (S.D. N.Y. 1960). In diversity actions, federal courts must take judicial notice of applicable state laws, and therefore, allegations which set forth state laws must be stricken. *Bauman v. Aluminum Co. of America,* 58 F. Supp. 160, 161-62 (E.D.N.Y. 1944). A defense which is insufficient as a matter of law, as here some are, because it does not in law constitute a cognizable defense, also must be stricken. Fed. R. Civ. P., Rule 12(f). With respect to striking defenses, Rule 12(f) provides that "upon motion made by a party within 20 days after service of the pleading upon him[,] . . . the court may order stricken from any pleading any insufficient defense or any redundant . . . matter." This motion is made within the requisite 20 days. *Ibid.*

"The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues[,] by dispensing with

those issues prior to trial . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds sub nom. Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-35 (1994); *Sidney-Vinstein v. A.H. Robbins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

"To strike an affirmative defense, the moving party must convince the court 'that there are not questions of fact, that any questions of law are clear[,] and not in dispute, and that under no set of circumstances could the defense succeed.' Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial*, § 9:381 (1995) (quoting *Systems Corp. v. American Telephone & Telegraph*, 60 F.R.D. 692, 694((S.D. N.Y. 1973))." *S.E.C. v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995). "[M]otions to strike [should be granted when] it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D.Cal. 1991).

Last, a ***defendant bears the burden*** of pleading *and of supporting* their affirmative defenses, *see Durnford v. MusclePharm Corp.*, 907 F.3d 595, 603 n. 8 (9th Cir. 2018), and defendants have failed to support all of their various defenses which, therefore, must be stricken for failure properly to plead them; and pursuant to the pleading principles of Fed. R. Civ. P. Rule 8(a) (pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009), the pleading of the identified affirmative defenses does not meet the applicable pleading requirements (just as a complaint must meet them). Affirmative defenses are required to be properly pled just as claims are required to be properly pled in a complaint. *Durnford*, *supra*.

As this court held in *J & J Sports Productions, Inc. v. Bernal*, 2014 WL 2042120, * 4 (C.D.Cal. 2014) (Judge Christina A. Snyder), "[t]his Court concludes that the Supreme Court intended *the plausibility standard to apply to* both claims

and *affirmative defenses*." (Emphasis added.) *See Estakhrian v. Obenstine*, 2015 WL 12698425, *2 (C.D. Cal. 2015) (Judge Fernando M. Olguin) (applying *Twombly/Iqbal* pleading standard to affirmative defenses); *Nippon Sigmax Co., Ltd. v. Kranos Corp*., 2021 WL 2634823, *5 (C.D. Cal. 2021) (Judge David O. Carter) (same). *See also Dijon v. Fulton Friedman & Gullace LLP*, 2012 WL 160221, *2-3 (N.D. Cal. 2012) (explaining that *a majority of district courts* have extended the *Twombly* and *Iqbal* pleading standards to affirmative defense pleading); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp. 2d 1171-73 (N.D. Cal. 2010); *Anticancer Inc. v. Xenogen Corp*., 248 F.R.D. 278, 282 (S.D. Cal. 2007). *See also Federal Trade Commission v. American Tax Relief LLC*, 2011 WL 13135578, * 1 (C.D. Cal. 2011) (Judge Dale S. Fischer) (when "affirmative defenses . . . threaten to shift litigation attention and discovery" striking affirmative defenses is appropriate). It is against these principles that the instant motion is to be judged.

## 2. ALL OF DEFENDANTS' "AFFIRMATIVE DEFENSES" MUST BE STRICKEN.

A. All, affirmative defenses 1-5 are insufficiently-pled, under *Twombly* and *Iqbal*, and should be stricken.

B. The first affirmative defense is not an affirmative defense at all, but is just a defense, but it may not be asserted because the court has ruled that the complaint does state a claim for relief on which relief can be granted: law of the case doctrine makes asserting it legally impossible. *See, e.g., Piest v. Tide Water Oil Co.*, 27 F. Supp. 1021, 1022 (D. N.J. 1939); *U.S. v. Silliman,* 65 F. Supp. 665, 674 (D. N.J. 1946); *Lehman v. Stolow,* 184 F. Supp. 21, 22 (S.D. N.Y. 1960)

C. The third affirmative defense for qualified immunity is insufficiently pled under *Twombly* and *Iqbal* because it does not set forth what the "clearly established statutory or constitutional rights" are and what "a reasonable person would have

known." Moreover, it is insufficiently pled to set up that defense, and fails to state a defense for qualified immunity, and therefore, it should be stricken. *See e.g. Tobias v. Arteaga*, 996 F.3d 571, 579-80 (9th Cir. 2021). Just as a claim may be stricken pursuant to Fed. R. Civ. P. Rule 12(b)(6), so too may a defense be stricken for failure to state a defense. Put another way, defendants do not provide any facts at all -- they provide just legal conclusions, which if pled in a complaint would be held to be insufficient because they are not facts -- to explain why it is that they plausibly might be entitled to claim qualified immunity: they fail to plead how the applicable law was not clearly established or how it is that they did not know the clearly established law.

D. The first and fifth affirmative defenses are based on the incorrect premise that the Sheriff and his subordinates legally are the state, when "engaged in law enforcement activities" and also, based on this premise, "Plaintiff's claims are barred . . . by Eleventh Amendment immunity." Ans. at avers. 9 & 13. The Ninth Circuit held in *Brewster v. Shasta Cnty*., 275 F.3d 803, 805 (9th Cir. 2001) (prosecuted on appeal and argued on appeal by plaintiff's counsel herein) "that the [California] sheriff's department, when investigating crime, acts for the county [and not for the State] . . . ." *See also Streit v. County of Los Angeles,* 236 F.3d 552, 559 (9th Cir.), *cert. denied,* 534 U.S. 823, 122 S.Ct. 59, 151 L.Ed.2d 27 (2001) (the Los Angeles County Sheriff acts as the final policymaker for the county when administering the county's policy for release from the local jails). Moreover, Article XI, section 1(b) of the California Constitution designates sheriffs as county officers, and there is no provision in the California Constitution that states that a county acts for the state when managing local jails.

These defenses are frivolously-pled, because they have no arguable basis in law.

**3. CONCLUSION.**

For the reasons stated, all of the affirmative defenses should be stricken, because they are not affirmative defenses at all, are inapplicable, or are not properly pled.

Respectfully submitted,

**YAGMAN + REICHMANN, LLP**

By: ______________________

**STEPHEN YAGMAN**

**CERTIFICATE OF COMPLIANCE**

(L.R. 11-6.2)

The undersigned, counsel of record for plaintiff(s) certifies that this brief contains 2,225 words, which complies with the word limit of L.R. 11-6.1.

**YAGMAN + REICHMANN, LLP**

By: Stephen Yagman

**STEPHEN YAGMAN**