PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
SHAWYANE EMADI, State Bar No. 352292
semadi@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
150 South Los Robles Avenue, Suite 660
Pasadena, California 91101
Telephone No. (818) 545-1925

Attorneys for Defendants
Robert Luna and Deputy Villasenor

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

C. FRANCIS,

Plaintiff,

vs.

ROBERT LUNA, DEPUTY VILLASENOR, and 10 UNKNOWN NAMED DEFENDANTS,

Defendants.

Case No. 2:24-cv-03740-MRA-SSC

Honorable Monica Ramirez Almadani

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*[Declaration of Paul B. Beach filed concurrently herewith]*

Date: September 12, 2024
Time: 1:30 p.m.
Place: Courtroom 10B

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Defendants Robert Luna and Deputy Villasenor (collectively, "Defendants") hereby submit the following Memorandum of Points and Authorities and Declaration of Paul B. Beach in opposition to Plaintiff's Motion to Strike Affirmative Defenses [ECF 30].[1]

Respectfully submitted,

Dated: August 22, 2024

LAWRENCE BEACH ALLEN & CHOI, PC

By /s/ Paul B. Beach
Paul B. Beach
Shawyane Emadi
Attorneys for Defendants
Robert Luna and Deputy Villasenor

---

[1] Plaintiff's Motion is replete with errors that reflect that it is a cut and paste from a prior motion in another case, without the tailoring to address Defendants' affirmative defenses raised in the instant action. *See* Motion [ECF 30], at 3:4-5 ([…] answer of defendants, **Doc. 149** […]" (emphasis added); Motion [ECF 30], at 5:14-15 ("Here, this is the case because none of the **defendants' 24, boilerplate affirmative defenses** […]" (emphasis added), which does not accurately refer to the Defendants' Answers (ECF 24 and 27) or their five defenses.

# TABLE OF CONTENTS


MEMORANDUM OF POINTS AND AUTHORITIES........................................1

1. Introduction. ..........................................................................................1

2. Legal Argument.......................................................................................2

2.1 Plaintiff's Demand That All Affirmative Defenses Be Stricken Directly Conflicts With Recent Holdings Of The Central District........2

2.2 Each Of Defendants' Few Affirmative Defenses Is Properly Pled........5

3. Conclusion.............................................................................................11

CERTIFICATE OF COMPLIANCE.....................................................12

# TABLE OF AUTHORITIES


**Cases** **Page(s)**

*Agricola Cuyuma SA v. Corona Seeds, Inc.*,
2019 U.S. Dist. LEXIS 74625 (C.D. Cal. Feb. 20, 2019)....................................2

*Albino v. Baca*,
747 F.3d 1162 (9th Cir. 2014)....................................................................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2007)....................................................................2, 5, 6

*Bagramian v. Legal Recovery Law Offices*,
2013 U.S. Dist. LEXIS 55972 (C.D. Cal. Apr. 16, 2013) ....................................3

*Bell Altantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................2

*Buffin v. California*,
23 F.4th 951 (9th Cir. 2022)....................................................................7

*Buffin v. City & Cnty. of San Francisco*,
2016 U.S. Dist. LEXIS 142734 (Oct. 4, 2016)....................................................7

*Chavez v. Villanueva*,
2023 U.S. Dist. Lexis 36339 (C.D. Cal. March 2, 2023)....................................5

*Clean Safety v. Ruby Trucking LLC*,
2021 U.S. Dist. LEXIS 243690 (C.D. Cal. July 27, 2021)....................................3

*Cuevas v. Cty. of Tulare*,
2024 U.S. App. LEXIS 16287 (9th Cir. 2024)....................................................9

*Durnford v. MusclePharm Corp.*,
907 F.3d 595 (9th Cir. 2018)....................................................................5

*E.g., Neylon v. County of Inyo*,
2017 U.S. Dist. LEXIS 137212 (E.D. Cal. Aug. 25, 2017)....................................9

*F.T.C. v. Swish Marketing*,
2010 U.S. Dist. LEXIS 15016, (N.D. Cal. Feb. 22, 2010)....................................3

*Frudden v. Pilling*,
877 F.3d 821 (9th Cir. 2017)........10

*Geomc Co., Ltd v. Calmare Therapeutics Incorporated*,
918 F.3d 92 (2d Cir. 2019)........5, 6

*Gerrie v. Cty. of San Bernardino*,
2020 U.S. Dist. LEXIS 212404 (C.D. Cal. Sept. 30, 2020)........2

*Harris v. Chipotle Mexican Grill, Inc.*,
303 F.R.D. 625 (E.D. Cal. Oct. 7, 2014)........3

*Houghton v. South*,
965 F.2d 1532 (9th Cir. 1992)........10

*J&J Sports Productions, Inc. v. Bernal*,
2014 U.S. Dist. LEXIS 67890 (E.D. Cal. May 16, 2014)........4

*Kohler v. Flava Enters., Inc.*,
779 F.3d 1016 (9th Cir. 2015)........2

*L.F. v. City of Stockton*,
2018 U.S. Dist. LEXIS 135599 (E.D. Cal. Aug. 9, 2018)........9

*McMillian v. Monroe County*,
520 U.S. 781 (1997)........8

*Morongo Band of Mission Indians v. Rose*,
893 F.2d 1074 (9th Cir. 1990)........11

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009)........11

*Nguyen v. Durham Sch. Servs., L.P.*,
358 F. Supp. 3d 1056 (C.D. Cal. 2019)........2

*Oliver v. Keller*,
289 F.3d 623 (9th Cir. 2002)........10

*Owens v. Kaiser Found. Health Plan, Inc.*,
244 F.3d 708 (9th Cir. 2001)........11

*Palm Cmtys. v. Centerline Hous. P'ship I, L.P.*,
2022 U.S. Dist. LEXIS 215775 (C.D. Cal. Aug. 9, 2022)................................11
*Pearson v. Callahan*,
555 U.S. 223 (2008)..........................................................................................9
*Perez v. Cate*,
632 F.3d 553 (9th Cir. 2011)............................................................................10
*Perez v. Nuzon Corp.*,
2016 U.S. Dist. LEXIS 195292 (C.D. Cal. June 6, 2016)..................................3
*Pocketbook Int'l v. Domain Admin/Sitetools*,
2021 U.S. Dist. LEXIS 245808 (C.D. Cal. Oct. 19, 2021)........................3, 4, 11
*Quintana v. Baca*,
233 F.R.D. 562 (C.D. Cal. Oct. 18, 2005)..........................................................8
*R. White v. Luna, et al.*,
Case No. 2-23-cv-05315-DDP-AJR, ECF 72......................................................1
*Rhinesmith v. Tradewinds Bev. Co.*,
2018 U.S. Dist. LEXIS 1876 (C.D. Cal. Jan. 4, 2018)....................................11
*S.E.C. v. McCaskey*,
56 F.Supp.2d 323 (S.D.N.Y. 1999)....................................................................5
*Saucier v. Katz*,
533 U.S. 194 (2001)..........................................................................................9
*Simmons v. Navajo County*,
609 F.3d 1011 (9th Cir. 2010)............................................................................2
*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011)............................................................................8
*United States v. Berkowitz*,
927 F.2d 1376 (7th Cir. 1991)............................................................................8
*Weiner v. San Diego County*,
210 F.3d 1025 (9th Cir. 2000)............................................................................8

*White v. Moore*,
2022 U.S. Dist. LEXIS 144838 (C.D. Cal. Feb. 17, 2022)..............................2, 9

**Rules**

Ninth Circuit Manual of Model Civil Jury Instructions (2017) ...............................8

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. Introduction.

Plaintiff's Motion should be denied because Defendants' standard affirmative defenses are well-taken under the law and the facts of this case. [2]

**State Actor/11th Amendment (1st & 5th Affirmative Defenses) – while incarcerating prisoners pursuant to remand orders from State judges presiding over State criminal proceedings,** the Sheriff acts on behalf of the State, not the County, and thus Plaintiff's claims are barred by the 11th Amendment.

**Failure to Mitigate Damages (2nd Affirmative Defense) –** per 9th Circuit Civil Jury Instruction 5-3, Plaintiff has an affirmative duty to mitigate his damages (such as, seeking timely medical care for his alleged injuries).

**Qualified Immunity (3rd Affirmative Defense) –** the vague and limited facts alleged, even if true, did not violate a constitutional right, and even if it did, the law at the time was not clearly established.

**PLRA (4th Affirmative Defense) –** as a prisoner, Plaintiff is subject to all of the requirements of the PLRA (e.g., exhaustion of administrative remedies prior to filing a civil suit, the obligation to prove more than a *de minimis* physical injury before being allowed to recover damages for emotional distress, and limitations of the recovery of fees and costs).

Accordingly, this entirely unnecessary Motion should be denied.

---

[2] In fact, on August 20, 2024, the Honorable Judge Dean D. Pregerson summarily denied an almost identical Motion to Strike filed by Plaintiff's counsel in another Section 1983 case. *See R. White v. Luna, et al.*, Case No. 2-23-cv-05315-DDP-AJR, ECF 72.

**2. Legal Argument.**

**2.1 Plaintiff's Demand That All Affirmative Defenses Be Stricken Directly Conflicts With Recent Holdings Of The Central District.**

"[N]either the Supreme Court nor the Ninth Circuit have applied the *Twombly [Bell Altantic Corp. v. Twombly*, 550 U.S. 544 (2007)] and *Iqbal* [*Ashcroft v. Iqbal*, 556 U.S. 662 (2007)] pleading requirement to affirmative defenses." *Gerrie v. Cty. of San Bernardino*, 2020 U.S. Dist. LEXIS 212404, at *12 (C.D. Cal. Sept. 30, 2020) (Bernal, J.) (also holding, "As a general principle, the Court joins the reasoning of other courts within the District in holding, 'the heightened pleading requirement of *Twiqbal* [sic] doesn't apply to affirmative defenses[.]'").

Nonetheless, several Ninth Circuit decisions have recognized that a defendant need only provide "fair notice" by "describing the defense in general terms" to meet federal pleading standards, even after *Twombly* and *Iqbal*. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (internal quotation marks omitted); *e.g.*, *Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010) (applying fair notice standard after *Twombly* and *Iqbal*). "Given this guidance, and recognizing 'the textual distinctions in the plain language of Rule 8, the working principles underlying the Supreme Court's decisions in [*Twombly* and *Iqbal*], and the practicalities of pretrial litigation,' *Nguyen v. Durham Sch. Servs., L.P.*, 358 F. Supp. 3d 1056, 1062 (C.D. Cal. 2019), the Court declines to apply *Twombly* and *Iqbal* here." *White v. Moore*, 2022 U.S. Dist. LEXIS 144838, *4-5 (C.D. Cal. Feb. 17, 2022) (Scarsi, J.).

In part because of this less demanding pleading standard, many courts in this District have held that "motions to strike affirmative defenses are largely a waste of time unless prejudice can be shown." *Agricola Cuyuma SA v. Corona Seeds, Inc.*, 2019 U.S. Dist. LEXIS 74625, at *2 (C.D. Cal. Feb. 20, 2019) (Gee,

J.).” *See also Clean Safety v. Ruby Trucking LLC*, 2021 U.S. Dist. LEXIS 243690, at *7 (C.D. Cal. July 27, 2021) (Holcomb, J.).

Thus, many judges in the Central District have consistently recognized the inefficiency of motions to strike affirmative defenses. For example, in *Perez v. Nuzon Corp.*, 2016 U.S. Dist. LEXIS 195292 (C.D. Cal. June 6, 2016) (Carney, J.), a judge of this Court explained that “motions to strike affirmative defenses infrequently simplify litigation and conserve resources, even when the defenses at issue are not perfectly pleaded or when they are more accurately described as negative defenses.” *Id*. at *5. The *Perez* Court further noted that even if the defendants’ affirmative defenses “are actually negative defenses, and others are not pleaded with a high level of particularity”, the Court was “at a loss to understand how parsing each of Defendants’ affirmative actions as the [plaintiff] requests will serve the stated purpose of motions to strike: to ‘streamline a judge’s inquiry by focusing his or her attention only the real issues in the case.’” *Id*. at *4-5 (quoting *F.T.C. v. Swish Marketing*, 2010 U.S. Dist. LEXIS 15016, at *6 (N.D. Cal. Feb. 22, 2010)) (emphasis added).

Recently, in *Pocketbook Int’l v. Domain Admin/Sitetools*, 2021 U.S. Dist. LEXIS 245808 (C.D. Cal. Oct. 19, 2021), the Court denied the plaintiff’s Rule 12(f) motion to strike every affirmative defense pled in the defendant’s answer — specifically “failure to police, laches, waiver, consent/ratification/acquiescence, unclean hands, failure to mitigate damages, good faith, and innocent intent.” *Id*. at *11. The Court cited *Perez v. Nuzon*, as well as other cases where motions to strike that did not streamline the litigation were denied: *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 629 (E.D. Cal. Oct. 7, 2014) (“[W]hile it is true these assertions are not technically ‘affirmative defenses,’ the court cannot conceive of how the presence of these assertions in the Answer will prejudice plaintiffs.”); *Bagramian v. Legal Recovery Law Offices*, 2013 U.S. Dist. LEXIS 55972, at *2 (C.D. Cal. Apr. 16, 2013) (“The Court concludes that plaintiff’s

motion to strike should be denied, as plaintiff's motion does nothing to streamline the litigation of this action or eliminate spurious issues from consideration."). Applying the fair notice pleading standard, the Court held that the challenged affirmative defenses were "adequately pled to give fair notice" and the plaintiff had "not specifically identified any prejudice arising from their inclusion in Defendants' Answer." *Pocketbook Int'l*, 2021 U.S. Dist. LEXIS 245808, at *13. Accordingly, the Court denied the motion to strike the affirmative defenses of failure to police, laches, waiver, consent/ratification/acquiescence, unclean hands, failure to mitigate damages, good faith, and innocent intent.[3] *Id*.

Under this same reasoning, Plaintiff's Motion should be denied. As did the plaintiff in *Pocketbook Int'l*, Plaintiff argues that this Court should not apply the fair notice standard, while also failing to demonstrate how he has been or will be prejudiced by Defendants' few affirmative defenses. Furthermore, Plaintiff states "this is the case because none of the defendants' 24 boilerplate affirmative defenses, the ones that even are proper affirmative defenses, given even 'fair

---

[3] In this Motion, counsel for Plaintiff mispresented to this Court an easily verifiable fact, by asserting, "As this court held in *J&J Sports Productions, Inc. v. Bernal*, 2014 WL 2042120, *4 (C.D. Cal. 2014 (Judge Christina A. Snyder), '[t]his Court concludes that the Supreme Court intended *the plausibility standard to apply to* both claims and *affirmative defenses*.' (Emphasis added.)" (Motion [ECF 18, at 7:26-8:2.) This ruling was actually issued by Magistrate Judge Sandra M. Snyder of the **Eastern** District, **not** District Court Judge Christina A. Snyder of the Central District. *See J&J Sports Prods. v. Bernal*, 2014 U.S. Dist. LEXIS 67890, at *10 (E.D. Cal. May 16, 2014). Counsel for Plaintiff has previously made this false representation to a Court and been admonished for it. *See People Who Are Being Penally Confined in Pre-Trial Det. Because Of & Dependent upon Their Inability to Pay Bail v. Villanueva*, No. CV 22-2538-DMG (JEMx) (ECF 58 at fn.2), 2022 U.S. Dist. LEXIS 152605, at *3 n.2 (C.D. Cal. July 14, 2022).

notice.' They fail under both standards." Motion [ECF 30], at 5:13-17. First, Defendants have only raised five affirmative defenses. Second, Plaintiff does not provide any explanation of how Defendants' affirmative defenses fail to provide fair notice. Notwithstanding, as discussed below, each challenged affirmative defense has been properly pled.

### 2.2 Each Of Defendants' Few Affirmative Defenses Is Properly Pled.

Although Plaintiff misrelies (and miscites) case authorities for the proposition that "[..] a **defendant bears the burden** of pleading and supporting their affirmative defenses[…]" (*see* Mtn., at 7:14-15) [4], at least one Court in the 9th Circuit has adopted the standard set forth in *Geomc Co., Ltd v. Calmare Therapeutics Incorporated*, 918 F.3d 92, 98 (2d Cir. 2019). *See Chavez v. Villanueva*, 2023 U.S. Dist. Lexis 36339, at n. 2 (C.D. Cal. March 2, 2023). In *Geomc Co., Ltd.*, the Court reaffirmed the factors of *S.E.C. v. McCaskey*, 56 F.Supp.2d 323, 326 (S.D.N.Y. 1999), that the plaintiff bears the burden on a motion to strike an affirmative defense: "In order to prevail on a motion to strike [an affirmative defense], a plaintiff must show that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *Id*. at 96 (quoting *McCaskey*, 56 F.Supp.2d at 326).

---

[4] Specifically, Plaintiff wrongly cites to *Durnford v. MusclePharm Corp*., 907 F.3d 595, 608 n. 8 (9th Cir. 2018) for the proposition that a defendant bears the burden. However, *Durnford* made no such holding and, instead, noted only that "plaintiffs are generally not expected to provide evidence in support of their claims at the pleading stage [citation], nor are they required to plead the 'probability' of their entitlement to relief [citing *Iqbal*, 556 U.S. 662, 678 (2009)]." *Durnford* went on to note, simply, that federal preemption is an affirmative defense, and that a complaint may be dismissed under Rule 12(b)(6) if the plaintiff pleads itself out of court. *Id*.

In so holding, *Geomc Co., Ltd.* modified the *McCaskey* factors in light of the plausibility standard of *Twombly*, with the "recognition that, as the Supreme Court explained in *Iqbal*, applying the plausibility standard to any pleading is a 'context-specific' task" impelled to "give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties." *Id*. at 98. To that end, in *Iqbal*, the Supreme Court held that whether qualified immunity applies in the context of an ill-pleaded complaint must be decided in the context of whether a particular complaint sufficiently alleges a clearly established violation of law along with the facts pleaded. *See Iqbal*, 556 U.S. at 673. Recognizing that Section 1983 supervisory liability claims were unlike the doctrine of *respondeat* superior – and that government officials cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic, *id*. at 683 – the *Iqbal* Court "decline[d]…to relax the pleading requirements on the [Court of Appeals' promises of] minimally intrusive discovery" and held that "[t]he basic thrust of the qualified-immunity doctrine is **to free officials from the concerns of litigation, including 'avoidance of disruptive discovery**.'" *Id*. at 685-686 (emphasis added). Further, with respect to context specifics, *Geomc Co., Ltd*. recognized that a defendant often has less time to investigate and gather facts for certain defenses, and that the relevant context of the pleading standard will be shaped by the nature of the defense. *Id*. Moreover, *Geomc Co., Ltd.* held that "[a] factually sufficient and legally valid defense should **always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation**. [Citation.] On the other hand, prejudice may be considered and, in some cases maybe determinative, where a defense is presented beyond the normal time limits of the Rules", such as a motion made on the eighth day of trial to amend an answer. *Id*. at 98-99 (emphasis added).

/ / /

In any event, the following briefly addresses each affirmative defense asserted:

**First and Fifth Affirmative Defenses: The Complained Of Conduct Is That Of The State, Not The County (11th Amendment Immunity)** – As an initial matter, Plaintiff's initial arguments regarding Defendants' first affirmative defense are inapplicable. *See* Motion [ECF 30], at 8:19-25. Plaintiff states that "[t]he first affirmative defense is not an affirmative defense at all, but is just a defense, but it may be asserted because the court has ruled that the complaint does state a claim on which relief can be granted: law of the case doctrine makes asserting it legally impossible." *Id*. First, no such ruling by the Court exists. Second, Defendants have never been involved in any such briefing or adjudication, so even if there was a ruling, they would not be bound by it. Third, Plaintiff's arguments and authority cited in support thereof are related to an affirmative defense for failure to state a claim, which Defendants have never raised. *Id*.

Notwithstanding the above and contrary to Plaintiff's assertions, there are various cases in the Ninth Circuit that have held that a California sheriff may be acting on behalf of the State, not the County, when performing law enforcement functions. *See e.g., Buffin v. City & Cnty. of San Francisco*, 2016 U.S. Dist. LEXIS 142734, at *29-30 (Oct. 4, 2016) (holding that the Sheriff, when enforcing the bail schedules imposed by the Superior Court, acts on behalf of the State, not the County, and is therefore immune from suit for money damages under the Eleventh Amendment); *Buffin v. California*, 23 F.4th 951, 962-65 (9th Cir. 2022) (citing other cases, and holding that the State, not the County, was responsible for an award of costs and attorneys' fees in a Section 1983 action over the Sheriff's enforcement of the Superior Court's bail schedule); *Quintana v. Baca*, 233 F.R.D. 562, 565 (C.D. Cal. Oct. 18, 2005) (denying motion to strike affirmative defense based on the Eleventh Amendment in Section 1983 action). *See also, Weiner v.*

*San Diego County*, 210 F.3d 1025, 1028-1031 (9th Cir. 2000); *McMillian v. Monroe County*, 520 U.S. 781, 793 (1997). To the extent that Plaintiff may attempt to undermine the preceding argument by citing to *Starr v. Baca*, the Court should note that the court in *Starr* held that the Sheriff may be liable for a claim of supervisory liability in unconstitutional confinement cases when a plaintiff sufficiently alleged the same. 652 F.3d 1202, 1207 (9th Cir. 2011). The court in *Starr* did **not** hold that the Los Angeles County Sheriff is not the state with respect to jail matters.

**Second Affirmative Defense: Failure to Mitigate Damages –** Plaintiff's request to strike Defendants' second affirmative defense should also fail for multiple reasons. First, Plaintiff has failed to provide any reasoning specific to his request to strike Defendants' second affirmative defense, which by itself is a waiver. *See United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir. 1991) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived"). Second, it is hornbook law that every plaintiff seeking to recover damages (such as Plaintiff) has an affirmative duty to mitigate their damages. *See*, Ninth Circuit Manual of Model Civil Jury Instructions No. 5-3. Here, Plaintiff seeks compensatory damages (in fact, in the amount of 1 million dollars), and therefore has an affirmative duty to mitigate; accordingly, Defendants have the right to assert this affirmative defense. *Ganley v. County of San Mateo*, 2007 U.S. Dist. LEXIS 26467, at *18-19 (N.D. Cal. March 22, 2007) (denying motion to strike affirmative defense of failure to mitigate damages in Section 1983 action).

**Third Affirmative Defense: Qualified Immunity** – There is no more seminal defense to 42 U.S.C. § 1983 claims than qualified immunity. *See*, *Pearson v. Callahan*, 555 U.S. 223 (2008); *Saucier v. Katz*, 533 U.S. 194 (2001). Thus, qualified immunity is a proper affirmative defense, and any assertion to the contrary is frivolous.

Moreover, "… little, if any, factual basis is necessary to sustain a qualified immunity defense. *E.g., Neylon v. County of Inyo*, 2017 U.S. Dist. LEXIS 137212, at *6-7 (E.D. Cal. Aug. 25, 2017) ("Given the nature of qualified immunity, and the fact that it is a well established, often litigated, and well understood defense, it is unclear what further factual allegations should be included in order to provide 'fair notice.'"); *L.F. v. City of Stockton*, 2018 U.S. Dist. LEXIS 135599, at *19 (E.D. Cal. Aug. 9, 2018) ("An affirmative defense as well-established as qualified immunity is sufficiently pleaded without additional factual bases.")." *White v. Moore*, 2022 U.S. Dist. LEXIS 144838, at *3-4 (C.D. Cal. Feb. 17, 2022) (Scarsi, J.). Thus, to give "real content to the concept of qualified immunity", the affirmative defense should be viewed in light of the complaint's factual allegations – none of which, here, allege any clearly established violation of constitutional law, are pled vaguely and generally, and against which Defendants asserted qualified immunity in kind. Furthermore, to the extent that Plaintiff may cite to *Cuevas v. Cty. of Tulare* to argue that Defendants' qualified immunity affirmative defense fails, the Court should note that *Cuevas* was published on July 10, 2024, while Defendants' Answers were filed on July 2nd and July 3rd, 2024, respectively. 2024 U.S. App. LEXIS 16287, at *6-7 (9th Cir. 2024). Thus, *Cuevas* had not been published at the time Defendants' filed their Answers.

Here, if, for any reason, this Court believes that at this stage (when Plaintiff and his counsel have pled only the most bare-bones of facts), that more allegations are proper, then Defendants would proffer, among other things:

a. That there is no clearly established law that provides that a deputy sheriff may not give prisoners lawful orders and, in the event of noncompliance, use reasonable force to control the prisoner and gain compliance.

b. That there is no clearly established law that provides that the sheriff of a county personally violates clearly established law every time an

employee violates another's rights, assuming *arguendo* that there was a constitutional violation by others.

Thus, Defendants' qualified immunity defense is well-taken. *Frudden v. Pilling*, 877 F.3d 821, 831 (9th Cir. 2017) (qualified immunity is a proper affirmative defense); *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992).

**Fourth Affirmative Defense: Prison Litigation Reform Act (42 U.S.C. § 1997e)** – Notwithstanding Plaintiff's failure to provide any reasoning specific to his request to strike Defendants' fourth affirmative defense, Plaintiff's First Amended Complaint [ECF 22], states "plaintiff was a pre-trial prisoner in the Los Angeles County Mens' (sic) Central Jail" at the time of the alleged incident. First Amended Complaint [ECF 22], at p.3, ¶ 9. Therefore, Plaintiff is subject to the Prison Litigation Reform Act (PLRA). The PLRA imposes legal obligations upon plaintiff prisoners, and those obligations may be asserted by the defense. *See e.g., Albino v. Baca,* 747 F.3d 1162, 1166 (9th Cir. 2014) (*en banc*) (mandatory exhaustion of administrative remedies); *Perez v. Cate,* 632 F.3d 553, 554 (9th Cir. 2011) (the PLRA caps attorney and paralegal fees authorized by 42 U.S.C. § 1988 at 150% of the rate established by the Criminal Justice Act, 18 U.S.C. § 3006A); *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002) (§ 1997(e) of the PLRA requires a showing of physical injury if a plaintiff's claims are based on mental or emotional distress resulting from an alleged constitutional violation). Thus, the Ninth Circuit has held, *en banc*, that the PLRA is an affirmative defense properly raised by a defendant. *Albino*, 747 F.3d at 1166.

Moreover, significantly, Plaintiff has not asserted, much less proven, because he cannot do so in good faith, that Defendants' Answers have somehow prejudiced him (*see*, *Pocketbook Int'l*, 2021 U.S. Dist. LEXIS 245808, at *13). Thus, Plaintiff's Motion should be denied.

Furthermore, if this Court believes that any of Defendants' affirmative defenses lack sufficient factual allegations, Defendants respectfully request leave

to file amended answers so that additional allegations may be asserted. *See*, *Moss v. U.S. Secret Serv*., 572 F.3d 962, 972 (9th Cir. 2009) (leave to amend should be granted with "extreme liberality") (quoting *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

**3. <u>Conclusion.</u>**

For the foregoing reasons, Plaintiff's Motion should be denied[5], and if it is going to be granted in any respect, Defendants respectfully request that they be granted leave to amend their Answers.

Dated: August 22, 2024 LAWRENCE BEACH ALLEN & CHOI, PC

By /s/ Paul B. Beach
Paul B. Beach
Shawyane Emadi
Attorneys for Defendants
Robert Luna and Deputy Villasenor

---

[5] Plaintiff's Motion should be denied on the alternative basis of his failure to meet and confer in good faith as required by Local Rule 7-3. *See*, Declaration of Paul B. Beach, at ¶¶ 2-4. Because Plaintiff did not clearly convey the substance of his Motion nor consider any potential resolution, the parties effectively did not have an opportunity to resolve their issues without the Court's assistance. *Id.*; *Palm Cmtys*. V. *Centerline Hous. P'ship I, L.P.*, 2022 U.S. Dist. LEXIS 215775, at *7 (C.D. Cal. Aug. 9, 2022). *See also, Rhinesmith v. Tradewinds Bev. Co.*, 2018 U.S. Dist. LEXIS 1876, at *11 (C.D. Cal. Jan. 4, 2018) ("The requirements of Rule 7-3 are designed specifically to limit motions like this one, where the Court expects reasonable parties to resolve at least some of the points raised in the motion and opposition without unnecessary judicial refereeing."). For this additional reason, the Motion should be denied.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Sheriff Robert Luna and Deputy Villasenor, certifies that this brief contains 3,449 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 22, 2024

LAWRENCE BEACH ALLEN & CHOI, PC

By /s/ Paul. B Beach
Paul B. Beach
Shawyane Emadi
Attorneys for Defendants
Robert Luna and Deputy Villasenor