**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| C. FRANCIS,<br>Plaintiff,<br>v.<br>ROBERT LUNA, et al.,<br>Defendants. | Case No. 2:24-cv-03740-MRA-SSC<br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES FROM DEFENDANTS' ANSWERS [ECF 30] AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND [ECF 36]** |

Before the Court is Plaintiff C. Francis' Motion to Strike Affirmative Defenses from Defendants' Answers (the "Motion to Strike") and Motion to Amend Complaint (the "Motion to Amend") (collectively, the "Motions"). ECF 30, 36. The Court read and considered the Motions and deemed the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The hearings were therefore vacated and removed from the Court's calendar. ECF 33, 42. For the reasons stated herein, the Court **DENIES** the Motion to Strike and **GRANTS** the Motion to Amend.

///

///

///

## I. BACKGROUND

Plaintiff C. Francis commenced this action on May 6, 2024, against Los Angeles County Sheriff Robert Luna, Sergeant Villasenor,[1] and 10 unknown Los Angeles County Sheriff's Department ("LASD") Deputies. ECF 1. Plaintiff filed the operative First Amended Complaint ("FAC") on May 22, 2024.[2] ECF 22. Plaintiff alleges that on or about September 22, 2023, Plaintiff was a pre-trial detainee in the Los Angeles County Men's Central Jail when he was accosted and physically beaten by at least four LASD Deputies, including Defendant Villasenor. *Id.* ¶ 9. As a result, Plaintiff suffered a torn muscle in his left shoulder, for which Plaintiff has required ongoing medical treatment. *Id.* Plaintiff filed a grievance regarding the incident. *Id.* ¶ 10. On these limited allegations, Plaintiff brings claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). *Id.* ¶ 11-23.

On July 2 and 3, 2024, Luna and Villasenor (collectively, "Defendants") filed Answers to Plaintiff's FAC, each alleging five affirmative defenses. ECF 24, 27. On July 19, 2024, Plaintiff filed the Motion to Strike, seeking to strike all affirmative defenses from Defendants' Answer. ECF 30. Defendants filed an Opposition to the Motion to Strike. ECF 31. Plaintiff filed a Reply in support of the Motion to Strike. ECF 32. On September 18, 2024, Plaintiff file his Motion to Amend, requesting leave to include the true names of certain fictitiously named defendants. ECF 36. Defendants filed an Opposition to the Motion to Amend. ECF 39. Plaintiff filed a Reply in support of the Motion to Amend. ECF 41.

---

[1] The case caption in Plaintiff's initial Complaint erroneously lists "Deputy Leverne," not "Sergeant Villasenor," as a defendant. ECF 1 at 1. Plaintiff does not state the first name of Defendant Villasenor and refers to him as a sergeant. *See id.* ¶¶ 3, 9. Defendants' Answer does not clarify Villasenor's first name and states his title as deputy. ECF 27 at 1.

[2] Plaintiff's FAC corrects the case caption error, listing "Deputy Villasenor" as a defendant. ECF 19 at 1. The FAC does not clarify Villasenor's first name. Despite the title noted in the case caption, the FAC still refers to Villasenor as a sergeant. *Id.* ¶ 3. For purposes of this Order, the Court refers to Villasenor as a deputy.

## II. DISCUSSION

### A. Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). Motions to strike "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 150 (C.D. Cal. 2022) (citation omitted); *see also Gomez v. J Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 990 (E.D. Cal. 2016) ("[B]ecause they often needlessly extend litigation, broad motions to strike rarely avoid the expenditure of time and money and are generally disfavored."). "Before a motion to strike is granted the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *In re Honest Co.*, 343 F.RD. at 150 (citation omitted). In addition, the moving party "must offer specific support showing a motion to strike is necessary to avoid prejudice or will further the interests of judicial efficiency. Consequently, the mere fact that an affirmative defense denies or attempts to rebut an allegation, without more, cannot sustain a motion to strike." *Id.* at 151.

Plaintiff's Motion to Strike primarily argues that each of Defendants' affirmative defenses are insufficiently pled under the plausibility standard set forth in the Supreme Court's decisions in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and therefore should be stricken.[3] ECF 30 at 3-5,

---

[3] Defendants argue in the alternative that Plaintiff's Motion to Strike should be denied for failing to meet and confer in good faith pursuant to Local Rule 7-3. ECF 31

7-8, 8. Defendants respond that the *Twombly* and *Iqbal* (collectively, "*Twiqbal*") standard does not apply to affirmative defenses. ECF 31 at 9.

"Neither the Supreme Court nor the Ninth Circuit has explicitly considered whether to employ the pleading standard articulated in [*Twiqbal*] when evaluating the sufficiency of affirmative defenses." *Agricola Cuyuma SA v. Corona Seeds, Inc.*, No. CV 17-8220-DMG (SK), 2019 WL 1878353, at *1 (C.D. Cal. Feb. 20, 2019). Prior to *Twiqbal*, the Ninth Circuit evaluated the sufficiency of an affirmative defense based on "whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). And even after the Supreme Court's decisions in *Twiqbal*, the Ninth Circuit has continued to apply a more lenient "fair notice" standard to affirmative defenses. *See Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) ("[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" (citation omitted)); *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). Consistent with this guidance, the Court joins in the reasoning of the majority of courts within this district in holding that the heightened pleading standard under *Twiqbal* does not apply to affirmative defenses. *See, e.g.*, *Loi Nguyen v. Durham Sch. Servs., L.P.*, 358 F. Supp. 3d 1056, 1060 (C.D. Cal. 2019); *Agricola*, 2019 WL 1878353, at *1-2; *Memory Control Enter., LLC v. Edmunds.com, Inc.*, No. CV 11-7658 PA (JC), 2012 WL 681765, at *4-5 (C.D. Cal. Feb.

---

at 18. Having reviewed Counsel's Declarations, the Court finds that Plaintiff's Counsel failed to discuss thoroughly the substance of the Motion to Strike or meaningfully engage with Defendants' Counsel to potentially resolve the dispute. However, because Defendants' Counsel does not allege that any prejudice arose from the failure to meet and confer, the Court considers the Motion to Strike on its merits. *See Jauregui v. Nationstar Mortg. LLC*, No. EDCV 15-00382-VAP, 2015 WL 2154148, at *2 (C.D. Cal. May 7, 2015) ("If there is little or no prejudice, courts will sometimes consider the motion despite the failure to meet and confer."). Plaintiffs' Counsel is admonished, however, that any subsequent failure to comply with the Local Rules governing motions practice shall be subject to sanctions. *See* L.R. 11-9, 83-7.

8, 2012); *but see Nippon Sigmax Co. v. Kranos Corp., Inc.*, No. 8:21-cv-00375-DOC-ADS, 2021 WL 2634823, at *4-5 (C.D. Cal. June 25, 2021).

Courts have observed that the "[t]extual distinctions in Federal Rule of Civil Procedure 8 suggest different pleading standards should apply to pleading claims for relief, on the one hand, and pleading affirmative defenses, on the other." *Nguyen*, 358 F. Supp. 3d at 1060; *see also Memory Control Enter.*, 2012 WL 681765, at *4. Whereas "Rule 8(a) requires a plaintiff to *show* it's entitled to relief[,] . . . when a defendant asserts affirmative defenses in an answer, Rules 8(b) and 8(c) only require that those defenses be *stated*." *Id.* Because the Supreme Court's analyses in *Twiqbal* are anchored to Rule 8(a), "[t]he principles underlying the Supreme Court's decisions in *Twiqbal* also counsel against extending the plausibility requirement to affirmative defenses." *Id.*; *see also Memory Control Enter.*, 2012 WL 681765, at *4 (finding that the Supreme Court's reasoning in *Twiqbal* inapplicable to affirmative defenses under Rules 8(b) and 8(c) because they do not require a showing of entitlement to relief or a responsive pleading).

Plaintiff contends that applying the *Twiqbal* pleading standard to affirmative defenses promotes fairness and efficiency. ECF 30 at 4. The Court is not persuaded. As courts in this district have observed, applying a heightened pleading standard to affirmative defenses would "impose[] an unreasonable burden on defendants who risk the prospect of waiving a defense at trial by failing to plead it." *Agricola*, 2019 WL 1878353, at *2 (citation omitted); *see also Nguyen*, 358 F. Supp. 3d at 1062 ("Defendants risk permanently waiving any affirmative defenses not raised in their initial response. And if *Twiqbal*'s plausibility requirement was extended to affirmative defenses, waiver is much more likely." (internal citation omitted)). This is because of "practical distinctions between a plaintiff's complaint and a defendant's answer. . . [,] [t]he most obvious of [which] is the amount of time each party has to compose their respective pleading." *Nguyen*, 358 F. Supp. 3d at 1061.

Furthermore, applying the heightened pleading requirement to affirmative defenses would needlessly "encourage litigants to file more [Rule] 12(f) motions, thus

undercutting the longstanding principle that Rule 12(f) motions are a drastic remedy and should rarely be granted." *Nguyen*, 358 F. Supp. 3d at 1062; *see also Memory Control Enter.*, 2012 WL 681765, at *5 (finding relevant that the standard for a motion to dismiss differs from the standard for a motion to strike). And it would undercut the conclusion reached by numerous district courts that "motions to strike affirmative defenses infrequently simplify litigation and conserve resources, even when the defenses at issue are not perfectly pleaded . . . ." *Perez v. Nuzon Corp.*, No. SACV 16-00363-CJC (KES), 2016 WL 11002544, at *2 (C.D. Cal. June 6, 2016); *see also Agricola*, 2019 WL 1878353, at *2; *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 629 (E.D. Cal. 2014).

The Court concludes that the heightened pleading requirement of *Twiqbal* does not apply to affirmative defenses. Instead, "based on the Ninth Circuit's continued references to and use of th[e] [fair notice] standard, even after the Supreme Court's decisions in [*Twiqbal*]," *Exp. Dev. Canada v. ESE Elecs. Inc.*, No. CV 16-02967-BRO-RAO, 2017 WL 1838581, at * (C.D. Cal. May 4, 2017), the Court applies the fair notice standard to evaluate the sufficiency of Defendants' affirmative defenses. Under this lesser standard, a defendant need only "state the nature and grounds for the affirmative defense. A detailed statement of facts [is not] required." *Nguyen*, 358 F. Supp. at 1060 (internal citation omitted).

Plaintiff argues that even if the heightened pleading requirement under *Twiqbal* does not apply, Defendants have not given Plaintiff fair notice of the defenses being asserted. ECF 30 at 5. The Court is not persuaded.

***1. First and Fifth Affirmative Defenses: Eleventh Amendment Immunity***

Defendants' first affirmative defense states that "the County Sheriff and his subordinates act on behalf of the State, not the County, where engaged in law enforcement activities; consequently, any policies or practices alleged in the FAC (sic) are not those of the County." ECF 24 ¶ 9; ECF 27 ¶ 9. Relatedly, in their fifth

affirmative defense, Defendants contend that "Plaintiff's claims are barred, in whole or in part, by Eleventh Amendment immunity." ECF 24 ¶ 13; ECF 27 ¶ 13.

Plaintiff contends that that the first affirmative defense is not an affirmative defense at all, but instead "just a defense, but it may not be asserted because the court has ruled that the complaint does not state a claim for relief on which relief can be granted: law of the case doctrine makes asserting it legally impossible." ECF 30 at 8. This argument is clearly made in error. The Court has not ruled in this case that Plaintiff has failed to state a claim. And Defendants have not formally raised as a defense that Plaintiff has failed to state a claim. *See* ECF 24, 27; *cf.* ECF 39.

Plaintiff further argues that the first and fifth affirmative defenses are based on an incorrect legal premise that the Sheriff and his subordinates are acting as the State, not the County, when they engage in law enforcement activities. ECF 30 at 9. "County officials like the Sheriff can act as county or state officials, depending on the particular context. For such officials who 'serve two masters,' [the court] examine[s] whether 'the particular acts the official is alleged to have committed fall within the range of his state or county functions.'" *Buffin v. California*, 23 F.4th 951, 962 (9th Cir. 2022) (quoting *Ceballos v. Garcetti*, 361 F.3d 1168, 1182 (9th Cir. 2004), *rev'd on other grounds*, 547 U.S. 410 (2006)).

The Supreme Court's decision in *McMillian v. Monroe County*, 520 U.S. 781 (1997), sets forth the analytical framework for determining when a county officer is a state actor for purposes of section 1983. A governmental official represents a public entity, county or state, when he acts as a "final policymaker[] for the [public entity] in a particular area, or on a particular issue." *McMillian*, 520 U.S. at 785. "[This] inquiry is dependent on an analysis of state law." *Id.* at 786. In *Streit v. County of Los Angeles*, after examining the California Constitution, statutory authority, and relevant caselaw, the Ninth Circuit held that a county sheriff acted on behalf of the county, not the state when performing "oversight and management of [a] local jail." 236 F.3d 552, 561 (9th Cir. 2001); *see also Cortez v. Cnty. of Los Angeles*, 294 F.3d 1186, 1189 (9th Cir. 2002)

(affirming district court ruling that the sheriff acted on behalf of the county in establishing and implementing security procedures for the county jail).

Here, Plaintiff's FAC alleges only that Plaintiff was a pre-trial detainee at the Los Angeles County Men's Central Jail and that he was assaulted by LASD Deputies. ECF 22 ¶ 9. On these bare facts, the Court can infer, but not conclude with certainty, that the policy or practice challenged here relates to the use of force on pre-trial detainees, which may be a function of the oversight and management of a local jail. The Ninth Circuit's holdings in *Streit* and *Cortez* seem to squarely control the inquiry: where the official's functions involve the management and oversight of a county jail, they act on behalf of the county, not the state.[4]

The Court is not convinced that Defendants are entitled to Eleventh Amendment immunity. But to strike an affirmative defense, Plaintiff has the burden of demonstrating

---

[4] Cases that have distinguished the Ninth Circuit's holdings in *Streit* and *Cortez* appear to be inapposite. *See, e.g.*, *McNeely v. Cnty. of Sacramento*, Nos. 2:05-cv-1401-MCE-DAD, 2:05-cv-2549-MCE-DAD, 2008 WL 489893, at *3-5 (E.D. Cal. Feb. 20, 2008) (holding that the sheriff was acting on behalf of the state in detaining plaintiff on an outstanding bench warrant); *Munoz v. Kolander*, 208 F. Supp. 2d 1125, 1152-53 (S.D. Cal. 2002) (determining that a California sheriff acted on behalf of the state when detaining a plaintiff in a county jail pursuant to court order); *but see Prescott v. Cnty. of Stanislaus*, No. 1:10-cv-00592, 2010 WL 3782950, at *10 (E.D. Cal. Sept. 27, 2010) (distinguishing *McNeely* on the grounds that there was no allegation that the prisoner was "in custody on a faulty warrant or detained for unlawful reasons," but rather that he was denied adequate medical and psychiatric care and subject to excessive and unreasonable force). Moreover, Defendants' reliance on the district court's decision in *Buffin v. City & County of San Francisco*, No. 15-cv-04959-YGR, 2016 WL 6025486 (N.D. Cal. Oct. 14, 2016) ("*Buffin I*"), and the Ninth Circuit's decision in *Buffin v. California*, 23 F.4th 951 (9th Cir. 2022) ("*Buffin II*"), is misplaced. In *Buffin I*, the district court concluded that a sheriff acts on behalf of the state when detaining a person based on a state-mandated bail schedule assed by a state court. 2016 WL 6025486, at *9. Similarly, in *Buffin II*, the circuit court held that the district court did not err in holding the state responsible for payment of the attorney's fees in the underlying case, given that it was "unchallenged" that the sheriff was acting as the state's agent. 23 F.4th at 962. Neither case addresses the particular area or particular issue involved here.

"there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *In re Honest Co.*, 343 F.RD. at 150. Plaintiff has not met his burden here. In part because the FAC is cursory on the facts, the Court cannot conclude that there are no questions of fact that may alter the Eleventh Amendment inquiry. The Court therefore denies the Motion as to the first and fifth affirmative defense.

***2. Second Affirmative Defense: Duty to Mitigate***

In their second affirmative defense, Defendants raise that Plaintiff "has failed to mitigate his damages." ECF 24 ¶¶ 10; ECF 27 ¶¶ 10.

Aside from stating in general terms that Defendants' affirmative defenses are insufficiently pled and frivolous, Plaintiff does not provide any reasoning particular to the second affirmative defense. *See* ECF 30. In their Opposition, Defendants contend that it is well established that a plaintiff seeking to recover damages has an affirmative duty to mitigate their damages. ECF 31 at 15. In his Reply, Plaintiff argues that Plaintiff cites to no legal authority in support of this defense, yet he fails to provide any explanation for why he has not been put on notice of the defense or any legal authority as to why a duty to mitigate has no bearing on this case. To the contrary, courts have held that "where discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts." *Ganley v. Cnty of San Mateo*, No. C 06-3923-THE, 2007 WL 902551, at *6 (N.D. Cal. Mar. 22, 2007). This reasoning is particularly persuasive here because discovery has yet to begin, Plaintiff has been made aware of the contours of the defense, and Plaintiff's FAC contains minimal factual content to begin with. It is abundantly clear that Plaintiff has not satisfied his burden for striking the duty to mitigate defense. The Court therefore denies the Motion as to the second affirmative defense.

***3. Third Affirmative Defense: Qualified Immunity***

In their third affirmative defense, Defendants assert that they are "immune from suit pursuant to the doctrine of qualified immunity since the law was not clearly established and a reasonable officer in his position would not have known that his

conduct would violate clearly established law." ECF 24 ¶ 11; ECF 27 ¶ 11. Qualified immunity is a well-recognized affirmative defense that the government has the burden of pleading and proving. *See Frudden v. Pilling*, 877 F.3d 821, 831 (9th Cir. 2017).

Plaintiff contends that Defendants "fail to plead how the applicable law was not clearly established or how it is that they did not know the clearly established law." ECF 30 at 8-9. This argument is without any merit. As explained above, Plaintiff's attempt to impute to Defendants' affirmative defenses under Rules 8(b) and 8(c) a heightened pleading standard under Rule 8(a) is improper. Moreover, "little, if any, factual basis is necessary to sustain a qualified immunity defense." *White v. Moore*, No. 2:21-cv-06964-MCS-MAA, 2022 WL 3127910, at *2 (C.D. Cal. Feb. 17, 2022). Indeed, "[g]iven the nature of qualified immunity, and the fact that it is a well established, often litigated, and well understood defense, it is unclear what further factual allegations should be included in order to provide 'fair notice.'" *Neylon v. Cnty. of Inyo*, No. 1:16-cv-0712 AWI JLT, 2017 WL 3670925, 2017 WL 3670925, at *3 (E.D. Cal. Aug. 25, 2017). This is particularly so where, as here, Plaintiff has offered a single paragraph of facts to state violations of his constitutional rights. In his Reply, Plaintiff cites the Ninth Circuit's recent decision in *Cuevas v. City of Tulare*, 107 F.4th 894 (9th Cir. 2024), in which the court reviewed a grant of qualified immunity at the summary judgment stage. ECF 32 at 9-10. The court explained that the dispositive question is "whether the violative nature of *particular* conduct is clearly established in the specific context of the case." *Cuevas*, 107 F.4th at 898 (citation and internal quotation marks omitted). But the ruling is silent on the pleading standard for a qualified immunity defense, and therefore wholly irrelevant to Plaintiff's motion to strike. If anything, the decision only confirms that it would be premature to strike a qualified immunity defense without substantial fact development. The Court finds that Plaintiff has presented no basis for striking the qualified immunity defense, and therefore denies the Motion as to the third affirmative defense.

### *4. Fourth Affirmative Defense: Prison Litigation Reform Act*

In their fourth affirmative defense, Defendants assert that Plaintiff's claims are "barred, in whole or in part, pursuant to the Prison Litigation Reform Act (the "PLRA"), including, but not limited to, the requirement that Plaintiff prove a physical injury before he may recover damages for emotional distress." ECF 24 ¶ 12; ECF 27 ¶ 12. Among other restrictions on prisoner suits challenging conditions of confinement, the PLRA requires that a plaintiff exhaust available administrative remedies before filing suit, limits recovery for mental or emotional injury suffered while in custody, and caps attorneys' fees. *See generally* 42 U.S.C. § 1997e; *see also Albino v. Baca*, 747 F.3d 1162, 1165-66 (9th Cir. 2014) (en banc) (exhaustion of available administrative remedies); *Perez v. Cate*, 632 F.3d 553, 554 (9th Cir. 2011) (cap on attorney and paralegal fees); *Oliver v. Kelly*, 289 F.3d 623, 630 (9th Cir. 2002) (limitation on recovery for mental or emotional injury without a prior showing of physical injury). "Failure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.'" *Albino*, 747 F.3d at 1166 (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)).

Once more, Plaintiff fails to provide any reasoning specific to the merits of striking the PLRA defense. *See* ECF 32. In their Opposition, Defendants note Plaintiff was a pretrial detainee at the time of the alleged incident, ECF 31 at 17 (citing ECF 22 ¶ 9), and therefore subject to the requirements of the PLRA. ECF 31 at 17. In his Reply, Plaintiff contends that "[s]tating, without specifics and conclusorily (sic), that the PLRA blanketly applies does not meet either the plausibility or fair notice pleading standard, because plaintiff does not know to specifically what PLRA factor defendants point, and plaintiff is entitled to know that." ECF 32. Like qualified immunity, the PLRA is frequently litigated, well established, and easily understood. Plaintiff has not shown that the PLRA defense is irrelevant to these proceedings or that striking it is necessary to avoid prejudice. The Court denies the Motion as to the fourth affirmative defense.

***

Accordingly, the Court denies the Motion to Strike in its entirety.

**B. Motion to Amend**

Federal Rule of Civil Procedure 15(a) provides that once the time for amending a pleading as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In general, "[t]he court should freely give leave when justice so requires." *Id.* "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003)). At base, "leave to amend should be granted if it appears *at all possible* that the plaintiff can correct the defect." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2013)). "A district court abuses its discretion by denying leave to amend where the complaint's deficiencies could be cured by naming the correct defendant." *Id.* at 978.

Plaintiff seeks leave to amend the operative FAC and file a Second Amended Complaint ("SAC") to "set forth the names of some fictitiously-named defendants." ECF 36 at 3. Defendants raise several objections to the proposed amendment, none of which support denying Plaintiff's Motion to Amend.[5]

---

[5] Defendants argue that the Motion to Amend should be denied for failure to comply with the Court's Civil Trial Order. ECF 39 at 8. Specifically, the Court's Civil Trial Order requires movant's counsel to "attach as an appendix to the moving papers a 'redlined' version of the proposed amended pleading indicating all additions and deletions of material." ECF 37 at 5. The Civil Trial Order further states that "[a]ll motions to amend pleadings shall: (1) state the effect of the amendment and (2) identify the page and line number(s) and wording of any proposed changed or addition of material." *Id.* Plaintiff did not comply with these requirements, but because Plaintiff only seeks to name certain Doe defendants, Plaintiff's failure to comply with these requirements did not materially impact the Court's review. Nevertheless, Plaintiffs' Counsel is further admonished that subsequent failure to comply with the Court's Orders may be grounds for sanction.

*First*, Defendants argue that the proposed SAC improperly contains duplicative official capacity claims against each of the individual Defendants. ECF 39 at 8. The proposed SAC states, "Defendant Luna is sued only in his official capacity and the other defendants each and all are sued in both their individual and official capacities, but in their official capacities only to the extent that they set custom or policy . . . ." ECF 36-2 ¶ 4. It is true that "[s]ection 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler v. Elle*, 281 F.3d 1014, 1023 n.8 (9th Cir. 2002); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). But it does not follow, as Defendants contend, that there is a "proper" way to assert a claim against the public entity or that Plaintiff has "no right" to assert official capacity claims against the individual Defendants. *See* ECF 39 at 8-9. The cases relied upon by Defendants make clear that their request to *dismiss* duplicative claims is appropriate relief on a motion to dismiss, not in opposition to a motion for leave to amend. *See, e.g.*, *Talib v. Nicholas*, No. CV 14-05871-JAK (DFM), 2015 WL 456546, at *7 (C.D. Cal. Feb. 2, 2015) (affirming recommendation to dismiss Plaintiff's official capacity claims for failure to state a claim); *Luke v. Abbott*, 954 F. Supp. 202, 204 (holding that if *both* the local entity and official-capacity officer are named, "it is proper *upon request* for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant. If only the official-capacity officer is named, it would be proper for the Court *upon request* to dismiss the officer and substitute instead the local government entity as the correct defendant." (emphasis added)).

*Second*, Defendants argue that the proposed SAC does not contain any factual allegations against the newly named individual Defendants. ECF 39 at 9. The proposed SAC states that "Defendants and each of them played some material role in the acts and/or omissions alleged . . . ." ECF 36-2 ¶ 6. It also states that Plaintiff was "accosted and physically beaten, by at least four Sheriff's Deputies, including but not limited to all

named defendants except defendant Luna." *Id.* ¶ 9. Defendants argue that these allegations fail to satisfy the Rule 8 pleading standard and set forth any viable claim against these individual Defendants. ECF 39 at 9. That may be so, but once again, they are not the basis for the motion for leave to amend. In other words, the proposed *amendment* is not futile, and the relief sought by Defendants is appropriate on a motion to dismiss, not in opposition to a motion for leave to amend. *See Birchcrest Mktg., Inc. v. Akzan Distrib. Co.*, No. CV 09-6673-CAS-SS, 2010 WL 11520550, at *2 (C.D. Cal. Apr. 23, 2010) ("While[] defendants['] arguments with regard to futility may have merit, such arguments are more appropriately heard on a motion to dismiss rather than in opposition to a motion for leave to amend."). And, once more, the cases relied upon by Defendant are inapposite. *See, e.g.*, *Castro v. California*, No. 22-cv-802-CAB-MSB, 2022 WL 2055274, at *2 (dismissing complaint filed by plaintiff proceeding *in forma pauperis* pursuant to screening process under 28 U.S.C. § 1915(a)); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (finding that district court acted within its discretion when it twice dismissed the pleading for failure to comply with Rule 8, initially on a motion to dismiss); *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming district court's dismissal of amended pleading with prejudice after previously granting motion to dismiss prior pleading).

*Third*, Defendants argue that the proposed SAC improperly relies on the Fourth and Eighth Amendments. ECF 39 at 10. The SAC references the Fourth and Eighth Amendments in several places, but the very same allegations are made in the FAC. *Compare* ECF 36-2 ¶¶ 11, 14, 15, 17 *and* ECF 19 ¶¶ 11, 14, 15, 17. In other words, Plaintiff is not seeking leave to amend his constitutional claims, and whether he has stated those claims is irrelevant to deciding the instant Motion to Amend.

*Lastly*, Defendants argue that the proposed SAC improperly asserts conspiracy claims and contains defective *Monell* and section 1985(c) claims. ECF 39 at 11-14. As an initial matter, these claims are alleged in the FAC, and the SAC does not alter the content of these claims. *Compare* ECF 19 ¶¶ 14-23 *and* ECF 36-2 ¶¶ 14-23. Further, as

explained above, Defendants once again attempt to wedge grounds for dismissal into an opposition to leave to amend. These arguments may have merit, but in moving to amend, Plaintiff is not seeking leave to amend his *Monell* and section 1985(c) claims. Defendant's arguments therefore are immaterial to the propriety of granting leave to amend. *See Birchcrest Mktg.*, 2010 WL 11520550, at *2.

Because there is no evidence of bad faith, undue delay, prejudice to Defendants, or futility of amendment, the Court grants the Motion to Amend.

## III. CONCLUSION

For the foregoing reasons, the Motion to Strike is **DENIED** and the Motion to Amend is **GRANTED**.

**IT IS SO ORDERED.**

Dated: October 25, 2024

HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE